UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHENETA CAMPBELL, on behalf of
herself and others similarly situated

      Plaintiff,

v.                                                                              Case No: 2:15-cv-525-FtM-99CM

GULF CARE, INC.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Amended Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal with Prejudice (Doc. 26) filed on June 2, 2016 and a Notice of Compliance (Doc. 30) filed on September 19, 2016. The parties have provided a copy of the second amended Settlement Agreement for the Court's review. Doc. 30-1. The parties state that the second amended agreement (Doc. 30-1) complies with the Court's Order (Doc. 27). Doc. 30 at 1.

On January 26, 2016, the parties filed the Joint Motion for Approval of a FLSA Settlement Agreement and for Dismissal with Prejudice. Doc. 24. The Court

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

denied without prejudice the parties' first Settlement Agreement (Doc. 24-1) because it included a general release of claims, a confidentiality provision, and a request for the Court's retention of jurisdiction, which may render the agreement unfair. Doc. 25 at 4.

On June 2, 2016, the parties filed an Amended Joint Motion for Approval of FLSA Settlement Agreement and for Dismissal with Prejudice. Doc. 26. The parties removed confidentiality and jurisdiction provisions from the first amended Settlement Agreement. Doc. 26-1. The agreement, however, did not specify what, if any, independent consideration Plaintiff received for the general release provision. Furthermore, contrary to the parties' assertion in the motion that "in addition to monetary consideration, in exchange for Plaintiff's general release of claims, Defendant is also providing Plaintiff with a general release," the amended Settlement Agreement contained no such reciprocal general release. Doc. 26 at 3; Doc. 27 at 2; Doc. 26-1. As a result, the Court ordered the parties to supplement their amended motion (Doc. 26) with a reciprocal general release signed by Defendant. Doc. 27. On September 19, 2016, the parties filed the second amended Settlement Agreement (Doc. 30-1), alleging that the agreement now contains general release provisions applicable to both Plaintiff and Defendant. Doc. 30 at 1.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for Defendant as a Certified Nurse's Assistant. Doc. 24 at 2. She was employed by Defendant from approximately October 4, 2008 through July 30, 2015. Doc. 1 at 3. Plaintiff's Complaint alleges that "Defendant failed to compensate her at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week." *Id.* Plaintiff originally calculated the amount owed to her as $1,277.65 for unpaid

overtime plus liquidated damages and attorney's fees and costs. Doc. 19-1 at 1. As a reasonable compromise of the disputed issues, Defendant has agreed to pay Plaintiff $500.00 in consideration of her underlying claims as well as consideration for a general release. Doc. 26 at 3. Defendant also has agreed to pay $2,000.00 in attorney's fees and costs. *Id.* at 4-5.

Plaintiff agreed to accept less than the amount originally claimed because "Plaintiff's calculations included errors that artificially inflated the amount of overtime wages she believed were owed to her." *Id.* at 4. Additionally, the parties seek to avoid the given risks, uncertainties and expense of further litigation. *Id.* Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $2,000.00. Doc. 26 at 4. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect Plaintiff's recovery. *Id.* at 4. The "FLSA requires judicial review of the

reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 26 at 4.

The last remaining issue with the second amended agreement is Plaintiff's general release provision. Doc. 27; Doc. 30-1. The courts have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, No. 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014). As noted above, the first amended agreement (Doc. 26-1) did not specify what, if any, independent consideration Plaintiff received for her general

release provision. Doc. 27. The parties address this issue in the second amended agreement by including a general release provision signed by Defendant, which the Court finds is sufficient independent consideration for Plaintiff's general release. Doc. 30; Doc. 30-1 at 3-4; see Buntin, 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by defendant). Thus, having reviewed the settlement agreement (Doc. 30-1), the Court finds that the proposed terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Amended Joint Motion for Approval of an FLSA Settlement Agreement and for Dismissal with Prejudice (Doc. 26) is **GRANTED** and the Settlement Agreement (Doc. 30-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 12th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record